### In re CARPENTER.

*(Supreme Court, General Term, Third Department.　September 25, 1891.)*

1. TRUST—WHAT CONSTITUTES—CONTRACT.

A petition set out that certain notes were assigned to one P. to collect and pay the proceeds to petitioner, or to procure new notes from the maker, and deliver the same to petitioner; and that the administrator of P. had inventoried the notes as assets of P., and refused to deliver them on demand; and asked for an accounting and a new trustee. *Held*, that the petition set up ownership, and a contract by P., and not a trust which would sustain an order appointing a new trustee.

2. SAME—APPOINTING NEW TRUSTEE—EFFECT OF ORDER.

An order appointing a new trustee in such case does not sufficiently protect the rights of the administrator by a clause reciting that the appointment is "without prejudice to the rights of estate of P. to contest."

Appeal from special term, Rensselaer county.

Application by Elvira B. Carpenter for the appointment of a new trustee in the place of George A. Pierce, deceased. The application was granted, and the administrator of Pierce appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*W. C. Daley*, for appellant.　*D. E. Miller*, for respondent.

LEARNED, P. J. Elvira B. Carpenter presented a petition to the court setting forth that in 1889 Sylvanus Carpenter assigned 11 promissory notes to George A. Pierce. She avers that this was on the agreement that Pierce was to collect the notes, and pay the proceeds to the petitioner as a beneficiary, and, in case the maker could not pay, then Pierce was directed to obtain new notes from such maker, and deliver such new notes to the petitioner. Copies of four of said notes, and of the assignments indorsed thereon, are given, which assignments are absolute on the face. Copies of six other notes are given, which notes were taken by Pierce, as above provided. These are generally payable to him or bearer. One note was, as alleged, collected by Pierce. Pierce died in 1890, and George H. Gillet was made his administrator. He inventoried these notes (excepting one) as assets of Pierce. The petitioner demanded them, and Gillet refused to deliver them. - The petitioner asked, on notice to Gillet, for a referee to take and report the amount of commissions due the estate of Pierce, and the amount received by him, and also asked the appointment of a trustee to demand and receive the notes, and to carry into effect the trust. The answer of Gillet, administrator, sets forth that he found the notes among the assets of Pierce; on information and belief, that at the time of the sale and delivery of the notes Carpenter was indebted in a considerable amount, and believed that such debts would bankrupt him if he could not avoid payment by a transfer of his property beyond the reach of creditors; that Pierce was the sole owner of said notes; that there was no such agreement as is set forth in the petition. The special term appointed a new trustee, and the order contains this clause, "without prejudice to the rights of estate of George A. Pierce to contest." We think that even on the petition there was not shown such a trust as continued after the death of Pierce. The statement of the petition is that Pierce agreed to collect the notes and pay the proceeds to the petitioner. That was only a contract, not a trust. She could sue him for the proceeds, when collected, in common-law action. If he could not collect, then he was to get new notes payable to himself or bearer, and deliver those to the petitioner. After he had obtained such new notes, she could bring a similar action to recover them. There are often agreements, expressed or implied, which partake of a fiduciary character, and yet which do not constitute a trust, such as is intended in chapter 185, Laws 1882. When accounts are put in an attorney's hand for collection, there is a fiduciary character in the arrangement, but no trust, such as must exist in order that a new trustee can be appointed. According to the petition, the petitioner

was really the owner of this property, and Pierce was merely a collecting agent for her benefit.

There is a further consideration. The order contains a clause, quoted above, intended apparently to protect the interests of the administrator. But it is quite doubtful whether it has that effect. If the new trustee should sue the administrator to recover the property thus said to be held in trust, this order would very possibly be treated, at least *prima facie*, as an adjudication that the alleged trust existed. Unless the court had held that the trust existed, (it might be urged,) no new trustee could have been appointed. And, since the order was made on notice to the administrator, he had an opportunity to be heard, and was heard, in behalf of his claim to be the absolute owner. Hence, at least presumptively, the new trustee would claim that his right to the property was established, and that all which remained unsettled was the exact amount after charging commissions, etc. The words of the order are only that the estate has the right to contest. And it is doubtful whether those words reserve the right to dispute the existence of the trust, if, indeed, such right would not be quite inconsistent with the principal part of the order. It is plain that since the administrator is in possession of the property, and claims to own it, and since all the transfers to his intestate are absolute on the face, the petitioner should recover the property, if at all, only by the ordinary course of a trial in due form of law. No summary proceedings should deprive the administrator of property of which he has possession, and to which on the face of the papers he has absolute right. Whether the petitioner should bring a common-law action or an action in equity to enforce the alleged trust we have no occasion to decide. Our reversal of the order is without prejudice to her bringing such action as she may be advised. Order reversed, with $10 costs and printing disbursements, and motion denied, with $10 costs, without prejudice to any action which the petitioner may bring to recover the property, or to establish her rights at law or in equity. All concur.